# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Nishon Quinte Rainner,          )<br>                                 )<br>           Plaintiff,            )<br>                                 )<br>v.                               )<br>                                 )<br>                                 )<br>Warden, *FCI Bennettsville*,    )<br>                                 )<br>           Defendant.           )<br>_____) | Civil Action No.: 6:19-cv-02207-JMC<br><br>**ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on July 17, 2020. (ECF No. 35.) The Report recommends that the court deny Defendant Warden's ("Defendant") Motion for Summary Judgment (ECF No. 18) and dismiss without prejudice Plaintiff Nishon Quinte Rainner's ("Plaintiff") Petition for a Writ of Habeas Corpus (ECF No. 1) based on a lack of subject matter jurisdiction. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 35) and incorporates it herein, **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1), and **DENIES** as moot Defendant's Motion for Summary Judgment (ECF No. 18).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 35.) As brief background, on July 23, 2015, Plaintiff was found guilty of two counts of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) by a jury. (*Id.* at 1.) Plaintiff was thereafter "sentenced to a term of 100 months' imprisonment for counts 1 and 2 (to run concurrently), followed by a supervised release term of three years." (*Id.* at 2.) Plaintiff appealed his case to the United States Court of Appeals

for the Fourth Circuit, and the Fourth Circuit affirmed the district court's decision. (*Id.*) Currently, Plaintiff is incarcerated at Federal Correctional Institution Bennettsville in Bennettsville, South Carolina. (*Id.*)

On March 6, 2017, Plaintiff, proceeding *pro se*, filed a Motion to Vacate before the sentencing court under 28 U.S.C. § 2255. (*Id.*) His Motion to Vacate was denied. (*Id.*) Since then, Plaintiff has filed additional motions before the sentencing court, such as "a motion to appoint the public defender to obtain relief[;] . . . a motion for compassionate relief; and letters renewing his requests for a sentence reduction based upon COVID-19 (i.e. compassionate relief) . . . . The petitioner's requests remain pending in the sentencing court." (*Id.*)

On August 7, 2019, Plaintiff filed a Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. (ECF No. 1.) In the Petition, Plaintiff alleges his conviction is now unconstitutional and he "is actual[ly] innocen[t]" due to the ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 1 at 4.) Defendant filed a Motion for Summary Judgment on November 18, 2019, seeking dismissal of Plaintiff's Petition.[1] (ECF No. 18.)

The Magistrate Judge issued the Report on July 17, 2020. (ECF No. 35.) In a thorough and well-reasoned analysis, the Magistrate Judge determined the court lacked subject matter jurisdiction over the pending matters. (*Id.* at 9-10.) Specifically, the Magistrate Judge observed Plaintiff's Petition, which was brought under § 2241, could survive only if Plaintiff first showed "the relief available to him under § 2255 was inadequate or ineffective." (*Id.* at 5.) For relief to be "inadequate or ineffective" under § 2255 (also known as the "savings clause"), the Magistrate

---

[1] The next day, the Magistrate Judge issued a *Roseboro* order (ECF No. 20), which requires a district court to provide an explanation of summary judgment procedures in habeas corpus cases. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

Judge explained that Plaintiff was required to show:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

(*Id.* (citing *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)).)

The Magistrate Judge ultimately found Plaintiff failed at element two because "the crime for which the jury found [Plaintiff] guilty, being a felon in possession of a weapon, remains a criminal offense." (*Id.* at 6.) Although *Rehaif*, which was decided after Plaintiff's conviction, required the government to additionally "prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm," here the Magistrate Judge concluded such requirements were met because Plaintiff "stipulated at trial that he had been convicted of a crime punishable by imprisonment exceeding one year . . . [and] his civil rights had not been restored." (*Id.*)

Thereafter, timely objections were offered by both Plaintiff (ECF No. 44) and Defendant (ECF No. 42). Plaintiff raises numerous contentions with the Report, but primarily argues the Magistrate Judge "did not clearly state why this [c]ourt lack[ed] subject matter jurisdiction," (ECF No. 44 at 2); improperly concluded Plaintiff did not meet the second element of the *In re Jones* test (*Id.* at 4-9); and erroneously asserted Plaintiff could not prove he was "actually innocent" (*Id.* at 9-13). Defendant similarly posits that Plaintiff met the second element of the *In re Jones* test because the conduct for which Plaintiff "was convicted is not still deemed to be criminal after *Rehaif*."[2] (ECF No. 42 at 3.) Neither Defendant nor Plaintiff filed responses to the other side's

---

[2] Defendant also states that, "if this [c]ourt determines that Rainner fails to meet the second prong of the *In re Jones* test, . . . [the court should] also rule in the alternative that even if the *In re Jones*

3

objections.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a

---

test is met, Rainner is not entitled to relief because the *Rehaif* error did not have a 'substantial or injurious effect' on the outcome of the proceedings against him." (ECF No. 42 at 3 n.1.) However, as the court lacks subject matter jurisdiction, it declines to make any such ruling in the alternative.

4

manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff and Defendant both argue the Magistrate Judge improperly concluded Plaintiff failed to meet the second element of the *In re Jones* test. (ECF Nos. 42 at 3; 44 at 3-9.) Plaintiff further contends the Magistrate Judge "did not clearly state why this [c]ourt lack[ed] subject matter jurisdiction," (ECF No. 44 at 2); and erroneously found Plaintiff could not prove he was "actually innocent" (Id. at 9-13).

As explained above, Plaintiff cannot challenge his conviction and sentence under § 2241 without first showing that, under the savings clause of § 2255(e), a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (explaining that if a § 2241 petition does not fall under the savings clause, the district court must dismiss the unauthorized habeas petition for lack of jurisdiction). While Plaintiff must prove three elements to show "inadequate or effective" relief under § 2255, solely at issue here is the second element: "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018) (quoting *In re Jones*, 226 F.3d 328, 333-34 (2000)).

Moreover, a party's objection to a magistrate judge's report must generally be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478

5

F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)).

Here, the court concludes the objections of Plaintiff and Defendant restate earlier arguments that are adequately addressed by the Report. (ECF No. 35 at 3-9.) Specifically, the arguments whether Plaintiff met the second element of the *In re Jones* test were previously briefed by the parties and considered by the Magistrate Judge. (*Compare* ECF Nos. 18-1 at 6-7; 27 at 5-9, *with* ECF Nos. 42 at 2-5; 44 at 3-9.) Even so, Defendant admits that numerous district courts within the District of South Carolina, including this court, have found that § 2241 petitions raising *Rehaif* claims do not meet the second element of the *In Re Jones* test, which in turn means the court lacks subject matter jurisdiction.[3] Tellingly, although Defendant "respectfully disagrees with these

---

[3] As cited by Defendant, numerous courts within this district have dismissed substantively identical habeas petitions for lacking subject matter jurisdiction: *Russaw v. Kellie*, No. 4:19-cv-2127-MGL, 2020 WL 4381946, at *2 (D.S.C. July 31, 2020) ("Because Russaw fails the second prong of the *In re Jones* test, the Court concludes it lacks jurisdiction over Russaw's petition."); *Asar v. Travis*, No. 6:20-cv-394-BHH, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020); *Midkiff v. Warden*, No. 8:19-cv-2656-TMC, 2020 WL 3651591, at *4-5 (D.S.C. July 6, 2020); *Capalbo v. Antonelli*, No. 1:19-cv-1946-TMC, 2020 WL 3496641, at *3-4 (D.S.C. June 29, 2020), *appeal docketed* (4th Cir. July 21, 2020); *Thomas v. Dobbs*, No. 0:20-cv-680-HMH-PJG, 2020 WL 1930612, at *2 (D.S.C. Mar. 30, 2020), *adopted*, 2020 WL 1922903 (D.S.C. Apr. 20, 2020); *Hughes v. Mackelburg*, No. 8:19-cv-3390-HMH, 2020 WL 1429351, at *2 (D.S.C. Mar. 24, 2020); *Prince v. Warden*, No. 8:20-cv-823-JMC-JDA, 2020 WL 3318294, at *3 (D.S.C. Mar. 23, 2020), *adopted*, 2020 WL

decisions," he does not include any precedential support for his arguments. (ECF No. 42 at 3 n.1.) Nor does the court find merit with Defendant's claim that the Supreme Court's decision in "*In re Jones* is incorrectly decided and should not control." (ECF No. 18-1 at 6.)

Next, the court finds Plaintiff's objection regarding his "actual innocence" largely rehashes his earlier arguments. (*Compare* ECF No. 1 at 4, 11-14, *with* ECF No. 44 at 9-13.) And to the extent Plaintiff argues the Magistrate Judge "did not clearly state why this [c]ourt lack[ed] subject matter jurisdiction" (ECF No. 44 at 2), the court finds this contention is likewise without merit. The Magistrate Judge considered and addressed both of these arguments in the Report and, as discussed above, thoroughly explained why the court lacks subject matter jurisdiction. (ECF No. 35 at 3-8.)

In short, the court overrules the parties' rehashed objections because the Magistrate Judge already considered and thoroughly addressed such contentions in the Report. *Midgette*, 478 F.3d at 621; *Aldrich*, 327 F. Supp. 2d at 747. As the court lacks subject matter jurisdiction, Plaintiff's Petition is thus dismissed without prejudice. *See* FED. R. CIV. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) (dismissing § 2241 petition without prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits" (citation omitted)).

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 35) and incorporates it herein,

---

3316088 (D.S.C. June 18, 2020); *Allen v. Dobbs*, No. 1:20-cv-321-HMH, 2020 WL 901407, at *2 (D.S.C. Feb. 25, 2020), *appeal docketed* (4th Cir. Apr. 9, 2020); *Moss v. Dobbs*, No. 8:19-cv-2280-JMC, 2019 WL 5616884, at *2 (D.S.C. Oct. 31, 2019).

**DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1), and **DENIES** as moot Defendant's Motion for Summary Judgment (ECF No. 18).

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 24, 2020
Columbia, South Carolina